NEWTON *v.* STEWART.

4-6271                                           148 S. W. 2d 1072

Opinion delivered March 24, 1941.

*Maurice L. Reinberger* and *E. D. Dupree, Jr.,* for appellant.

*George D. Hester, O. E. Gates* and *E. W. Brockman,* for appellee.

HOLT, J. This appeal comes from a decree of the Lincoln chancery court partitioning 320 acres of land.

The land involved lies in sections 21, 15 and 22, Lincoln county, Arkansas, that lying in section 21 is described as: South half (S½) of the northwest quarter (NW¼), northeast quarter (NE¼) of southwest quarter (SW¼) and southeast quarter (SE¼) of southeast quarter (SE¼) of section 21, in township ten (10) south, range eight (8) west, containing 160 acres, more or less.

And that lying in sections 15 and 22 is described as: South half (S½) of southwest quarter (SW¼) of southeast quarter (SE¼) and south half (S½) of southeast quarter (SE¼) of southeast quarter (SE¼) of section 15; north half (N½) of northeast quarter (NE¼) and southeast quarter (SE¼) of northeast quarter (NE¼) of section 22, all in township ten (10) south, range eight (8) west, containing 160 acres, more or less.

Dr. J. A. Stewart died intestate September 12, 1905, leaving surviving his widow, Mrs. L. A. Stewart, and a daughter, Mrs. A. F. Williams (nee Birdie Stewart), as his sole heir. A brother, Young Stewart, and a sister, Mattie Stewart Tucker, also survived Dr. Stewart, and appellees here are the heirs of this brother and sister.

Mrs. A. F. Williams died intestate November 17, 1931, without issue, leaving surviving her husband, Dr. A. F. Williams, and her mother, Mrs. L. A. Stewart.

Mrs. L. A. Stewart died intestate June 4, 1938, leaving as her sole heirs appellants herein, to whom we shall refer as the Newton heirs.

In its decree the court below held that title to all the land in question vested in Clyde E. Stewart, *et al.*, appellees the blood relatives of Dr. J. A. Stewart, deceased; that the land constituted an ancestral estate and divested any right or interest in said land out of the heirs (appellants here, the Newton heirs) of Mrs. L. A. Stewart, who was the wife of Dr. J. A. Stewart.

The question for review here is whether the court erred in confirming title to the above described land in appellees (the Tucker and Stewart heirs) as the heirs at law of Dr. J. A. Stewart, deceased, as ancestral property, or should have confirmed and vested the title to all or a part of the said property in appellants (the Newton heirs) as the heirs of Mrs. L. A. Stewart, deceased.

It is undisputed that Dr. J. A. Stewart purchased the land described in section 21, *supra*, at tax sales prior to his death in 1905, receiving certificates of purchase therefor; that in 1907, more than two years subsequent to his death, seven different tax deeds were issued to the heirs of Dr. J. A. Stewart, conveying this land. All deeds bear the same date and are identical except for the description, consideration, and date of sale, and, among other things, contain the following recitals:

"And whereas, at the time and place aforesaid J. A. Stewart of the County of Lincoln and State of Arkansas, having offered to pay the sum of two dollars and twenty-three cents, being the whole amount of taxes, penalty and costs then remaining due and unpaid on said property,

for the whole of said lands, which was the least quantity bid for, and payment having been made by him to said collector, said property was stricken off to him at that price;   . . .

"And whereas, the legal heirs of said J. A. Stewart, deceased, having produced and presented to me the certificate of purchase executed to him by the collector of revenue of said county;

"Now, therefore, I, H. D. Palmer, clerk of the county court of the county aforesaid, in consideration of the said sum of money to the collector paid, and by virtue of the statutes in such cases made and provided, have granted, bargained and sold, and by these presents do grant, bargain, and sell, unto the said legal heirs of said J. A. Stewart, deceased, his heirs and assigns, the real property aforesaid, and more particularly described as follows,   . . . .

"To have and to hold unto them the said legal heirs of J. A. Stewart, deceased, his heirs and assigns forever; subject, however, to all the rights of redemption provided by law.   . . ."

We think it clear that under the similar provisions of all of these tax deeds this land was deeded to and vested in Dr. J. A. Stewart's only heir, his daughter, Mrs. Birdie Stewart Williams, subject only to the widow's dower.   Birdie Stewart Williams having inherited this land from her father, the estate was ancestral and upon her death without issue, followed by the death of her mother, Mrs. L. A. Stewart, who held only a life estate in the land, appellees inherited as the blood relatives of Dr. J. A. Stewart.

In *Howard* v. *Grant*, 107 Ark. 594, 156 S. W. 433, the purchaser of certain school land from the state died before paying all of the purchase price.   Subsequent to the purchaser's death, his widow finished paying the amount due on the purchase price and took a deed from the state in favor of the heirs of James Green, who at the date thereof consisted solely of Jessie Green.   The effect of this court's holding there is that the estate inherited by the daughter, Jessie Green, from the father was ancestral and that the land was not a new acquisition.

The record reflects that some ten years after the death of Dr. J. A. Stewart, Mrs. L. A. Stewart on March 20, 1915, acquired deed to the land described in sections 15 and 22, *supra,* from A. H. Newton, administrator of the estate of Mrs. H. E. Newton, deceased, for a consideration of $533.33. There is no evidence that this land was bought for the benefit of Dr. J. A. Stewart's estate, or out of funds belonging to his estate. The terms of the deed conveyed title in fee to Mrs. L. A. Stewart.

September, 1921, Mrs. L. A. Stewart and Mrs. Birdie Stewart Williams filed suit in the Lincoln chancery court seeking to have quieted and confirmed in them title to the land here involved. They alleged in their petition ownership of the land described in sections 15 and 22 to be in Mrs. L. A. Stewart by virtue of the administrator's deed to her of March 20, 1915; that at his death Dr. J. A. Stewart was the owner and in possession of the land described in section 21; that he acquired this land by purchase at tax sales prior to his death in 1905 and that two years following his death ''plaintiffs presented said certificates of purchase to the clerk of Lincoln county and received from him clerk's tax deeds conveying to these plaintiffs the above described land as the heirs at law of the said J. A. Stewart''; that Dr. Stewart died intestate in 1905 and left surviving his widow, Mrs. L. A. Stewart, and his daughter, Mrs. A. F. Williams (nee Birdie Stewart) as his sole and only heir; and prayed ''that the title to said land be confirmed and approved in the plaintiffs and sole surviving heirs at law of the said J. A. Stewart . . .'' A confirmation decree was entered April 4, 1922.

The purpose and effect of this confirmation decree was to confirm in the widow and daughter of Dr. Stewart such title as they claimed to own at the time of the filing of the petition for confirmation, that is the tax deeds to Dr. Stewart and the administrator's deed to Mrs. Stewart. The petition for this decree recites how the title to this land was acquired, that is by tax deeds to Dr. Stewart for the land described in section 21 and by an administrator's deed to Mrs. Stewart for the land described in sections 15 and 22. The notice required by law published upon this petition makes plain also that

this was the purpose of the confirmation proceeding. The confirmation decree confirmed these titles, that is the tax deeds to Dr. Stewart were confirmed and the administrator's deed to Mrs. Stewart was confirmed. There was no adjudication in the confirmation decree that all the lands were ancestral, only the lands acquired by the tax deeds, that in section 21 described, *supra,* could have been ancestral as the administrator's deed was made long after Dr. Stewart's death.

This proceeding is not an attack, collateral or otherwise, upon the confirmation decree. We are only interpreting it and our interpretation is that the decree did only what the petitioners prayed, that is to confirm the tax deeds and the administrator's deed. Seven of these deeds so confirmed, conveyed title to the heirs of Dr. J. A. Stewart in the land in section 21, the other deed also confirmed, conveyed title to Mrs. Stewart in the land in sections 15 and 22, so that the heirs of Dr. Stewart have title to the land conveyed to their ancestor, while the heirs of Mrs. Stewart have title to the land conveyed to and confirmed in their ancestor.

For the error indicated, the decree is reversed, and the cause remanded with directions to vest title in appellants, the Newton heirs, to the land described in sections 15 and 22. In all other respects, the decree is affirmed.

Costs to be shared equally between appellants and appellees.